IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KAY F. BUTLER, Individually ) | |
| and as Executrix of the Estate of ) | |
| Truman DeWayne Butler, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:10CV427 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Plaintiff's motion for judgment on the pleadings (Docket No. 17), and on Defendant's motion for summary judgment (Docket No. 20.) These motions have been fully briefed. For the reasons set out below, Plaintiff's motion should be denied, Defendant's motion should be granted, and this action should be dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Kay F. Butler is suing in her individual capacity and in her capacity as executrix of the estate of her husband, Truman DeWayne Butler. (Docket No. 1, Complaint ("Compl.") at 1.) Mr. Butler died on March 15, 2005. (*Id*.) Plaintiff brings suit under the Federal Tort Claims Act, 28 U.S.C. § 1346. She states that her husband was a veteran of the Army who later worked as a life insurance salesman and then as a small business owner in

Winston-Salem, North Carolina. (*Id*. at 2.) Mr. Butler was seen at the Durham Veterans Administration hospital on January 29, 2004, for evaluation of a thoracic aortic aneurysm ("TAA") and to develop a course of action. (*Id*.) Dr. Jonathan Gray determined that surgery was required and scheduled surgery at Duke University Hospital. (*Id*. at 2-3.) Plaintiff claims that Dr. Gray was a Veterans Administration ("VA") employee. (*Id*. at 3.) Plaintiff's surgery was performed at Duke on May 20, 2004, by Dr. Gray and Dr. Robert Messier. (*Id*.)

In the immediate post-operative period, Mr. Butler was discovered to be paralyzed from the chest down. (*Id*.) He began to experience acute renal failure, pulmonary edema, and congestive heart failure. (*Id*.) In addition, his left leg was amputated at the hip. (*Id*.) Mr. Butler developed infections. (*Id*.) On September 27, 2004, he was transferred back to the Durham VA, and on October 12, 2004, he was transferred to the Hunter Holmes McGuire Veterans Administration Medical Center in Richmond, Virginia. (*Id*.) He developed sepsis and died on March 15, 2005. (*Id*.)

Plaintiff raises two causes of action. Her first cause of action is for wrongful death. (Compl. at 3-6.) Plaintiff alleges that the pre-surgical medical care Mr. Butler received was not in accordance with the common standards of practice. (*Id*. ¶ 23.) In particular, Plaintiff alleges deficient care in relation to the length of time that passed between the discovery of the TAA and the surgery, the VA's surgical planning approach, and the alleged failure of Defendant to obtain informed consent from Mr. Butler before the surgery. (*Id*.) Plaintiff also alleges that the surgical medical care received by Mr. Butler was not in accordance with the

common standards of practice. (*Id.* ¶ 24.) Specifically, Plaintiff alleges deficient care related to the decision to place Mr. Butler on femoral artery to femoral vein bypass during surgery, the manner in which the surgeons "stuck Decedent's iliac artery," and the excessive length of the surgery. (*Id.*) Finally, Plaintiff complains of the post-surgical care provided including the delay in transferring Mr. Butler to the VA center in Richmond, Virginia, the failure to provide sufficient physician oversight at both the Durham and Richmond VA centers, and the failure to properly monitor Mr. Butler's infections. Plaintiff's second cause of action is for loss of consortium. (*Id.* at 6.)

Plaintiff moves for judgment based on her contention that 38 U.S.C. § 511 prevents this Court from reviewing decisions of law and fact made by the Secretary of Veterans Affairs during Mr. Butler's claim for benefits adjudication pursuant to 38 U.S.C. § 1151. (Docket No. 18, Pl.'s Br. in Supp. of Mot. for J. on the Pleadings, at 1.) Plaintiff submits exhibit A, the Rating Decision of April 9, 2008, in support of her argument. The April 9 decision granted Mr. Butler's application for dependency and indemnity compensation under section 1151. (*Id.*, Ex. A.) Plaintiff relies upon three parts of the decision. First, Plaintiff notes that the rating decision states that "DIC is payable for death which is hastened or materially contributed to by VA hospitalization, medical or surgical treatment." (*Id.*, Ex. A at 2.) Second, the decision reports that experts "pointed out in detail how the standards of care were not followed and why the way the surgery was performed was questionable." (*Id.*) Then the decision concludes that the evidence presented "favors the claimants [sic] request

and entitlement to Dependency Indemnity Compensation under 38 USC 1151." (*Id.*) Finally, the decision states that the evidence "indicates that . . . Dr. John L. Gray . . . was employed as a vascular surgeon at VAMC Durham." (*Id.*) Plaintiff argues that these findings are binding in this action, and that based upon them a breach of the standard of care committed by a VA employee proximately caused the death of Mr. Butler and proves her FTCA claims. (Docket No. 18 at 18-19.)

The government responds by arguing that any issues decided in the administrative proceeding should not have preclusive effect in this action because it did not have a "full and fair opportunity" to litigate in the section 1151 proceeding. (Docket No. 19, Def.'s Opp'n to Mot. for J. on the Pleadings, at 1.) The government also argues that the federal district courts have exclusive jurisdiction over FTCA claims and that no other entity may make binding determinations necessary to the liability of the government in an FTCA action. (*Id.* at 1-2.)

The government moves for summary judgment on the ground that expert witness testimony is essential to proving this medical malpractice case, and that Plaintiff has represented that she will not call any expert witnesses to testify at a trial of this matter. (Docket No. 21, Def.'s Mem. of Law in Supp. of Mot. for Summ. J., at 1.) Plaintiff does not dispute that she will not call an expert witness if this case goes to trial. (Docket No. 24, Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J., at 5.) Rather, Plaintiff argues that expert testimony is unnecessary in order to prove negligence or causation because of the decisions

made by the Secretary of Veterans Affairs and the binding effect given those decisions by 38 U.S.C. § 511. (*Id*.)

## DISCUSSION

**A.** **Standard**

Summary judgment is appropriate only when no genuine issue of material fact exists. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A court considering a motion for summary judgment must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. (*Id.* at 255.) The proponent of summary judgment "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." (*Id*. at 718-19 (citing *Anderson*, 477 U.S. at 247-48).) A mere scintilla of evidence supporting the non-moving party's case is insufficient to defeat a motion for summary judgment. *See, e.g., Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994); *see also Anderson*, 477 U.S. at 248 (non-moving party may not rest upon mere allegations or denials).

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is determined by the same standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

B.  **Plaintiff's Motion for Judgment on Pleadings Pursuant to 38 U.S.C. § 511**

Section 511 provides that:

(a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Subsection (b) lists four exceptions to this provision; however, neither party contends that any exception applies in this action.

Title 38 U.S.C. § 211(a) was the predecessor statute to section 511(a), and it barred review of "the decision of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors." *See Traynor v. Turnage*, 485 U.S. 535, 539 n.3 (1988). The Supreme Court in *Traynor* concluded that "the question whether a Veterans' Administration regulation violates the Rehabilitation Act is not foreclosed from judicial review by § 211(a)." *Id*. at 545.

The *Traynor* Court began its discussion by noting that there is a presumption in favor of judicial review which may be overcome only upon a showing of clear and convincing evidence of a contrary legislative intent. *Id*. at 542. In finding no clear and convincing evidence that judicial review was foreclosed, the Court noted that it had earlier found that the principal purposes of section 211(a) were (1) to insure that veterans' benefits claims will not burden the courts and the Veterans' Administration with expensive and time-consuming litigation, and (2) to insure that the technical and complex determinations and applications of Veterans' Administration policy connected with veterans' benefits decisions will be adequately and uniformly made. *Id*. at 544. The Court reasoned that the Rehabilitation Act was an act of general application to federal agencies and found no evidence that Congress intended to preclude a suit claiming that the Act has invalidated a regulation of the Veterans' Administration. *Id*. at 543. The exercise of jurisdiction by the courts would not frustrate the purposes of section 211(a) because it would not enmesh the courts in the determinations and applications of veterans' benefits decisions or burden the courts and Veterans' Administration with expensive and time-consuming litigation. *Id*. at 544.

In a case with a virtually identical factual pattern to the present action, the Ninth Circuit concluded that a prior award of disability benefits by the VA did not bar litigation of liability issues in a subsequent FTCA negligence action. *Littlejohn v. United States*, 321 F.3d 915 (9th Cir. 2003). Claim preclusion did not apply to the VA's rating decision because the VA was unable to raise its causation defense in the disability proceedings. *Id*. at 920.

Further, the court found that the statutory purposes of 38 U.S.C. § 1151 and the FTCA are "incompatible with giving claim preclusive effect for FTCA purposes to decisions granting benefits under § 1151." *Id*. at 922.

The *Littlejohn* court considered the plaintiff's argument that refusing to apply claim preclusion would result in "impermissible judicial review of the VA's disability determinations, violating 38 U.S.C. § 511." *Id*. at 921. The Ninth Circuit rejected that argument because plaintiff did not show "how the adverse decision in the present case could possibly have any effect on the benefits he has already been awarded." *Id*. Without any reduction in benefits, the court saw "no way in which a decision on the merits of Littlejohn's FTCA claim amounts to judicial review of the § 1151 proceedings." *Id*.

Plaintiff in the present action argues that this court should not follow the reasoning of *Littlejohn* because that court read a provision into section 511 that does not exist.[1] (Docket No. 18 at 16.) By this argument, Plaintiff calls into question the *Littlejohn* court's conclusion that the plaintiff in that case had not shown how an adverse decision in the FTCA case would have any effect on the benefits already awarded to the plaintiff.[2] (*Id*.) The court

---

[1] Plaintiff also concedes that neither claim preclusion nor issue preclusion applies in this action. (Docket No. 23, Pl.'s Reply Br. in Supp. of Mot. for J. on the Pleadings, at 6.)

[2] Plaintiff does not contend in this action that an adverse decision in this FTCA action will have an impact on any benefits already awarded by the VA.

-8-

noted this fact in support of its conclusion that a decision on the merits of the FTCA claim would not amount to judicial review of the section 1151 proceedings.

Section 511(a) provides that the decision of the Secretary as to "any such question" is final and conclusive. The "question" referred to is one that is "necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." Plaintiff would read this provision as barring review of any "question," even in a completely different type of action such as this FTCA action, as long as the decision was made in a benefits decision. The Ninth Circuit would require the "question" to have some effect on the provision of benefits to the veteran. This Court agrees with the Ninth Circuit that under section 511(a) the question of law or fact to be given conclusive effect, and to be subject to no further review, must affect the provision of benefits to the veteran. It is only a decision on such a question that might enmesh the courts in determinations of veterans' benefits or burden the courts and VA with time-consuming litigation. In sum, there is no reasonable basis to find that Congress meant to give, in FTCA actions, conclusive effect to questions resolved by the VA in a benefits determination decision.

Plaintiff relies upon several cases in which courts have barred review of the Secretary's decision as to questions regarding a veteran's benefits determination. (Docket No. 18 at 10.) However, these cases are inapposite because the present action is not a benefits determination.

Plaintiff also relies upon *Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005), in which the plaintiff raised FTCA claims that the VA had committed medical malpractice and caused him emotional distress by failing to inform him of his schizophrenia diagnosis.[3] *Id*. at 972. The district court had dismissed all of the FTCA claims for lack of jurisdiction pursuant to 38 U.S.C. § 511(a). *Id*. The appellate court found that some of the plaintiff's FTCA claims were not barred by section 511. Specifically, claims not barred included plaintiff's claims of intentional infliction of emotional distress as a result of the failure to inform him of his diagnosis, negligence based on the failure to inform, and medical malpractice by not adequately communicating treatment choices. *Id*. at 974. The court noted with approval the government's concession at oral argument that "if a VA doctor left a sponge inside a patient during surgery, section 511 would permit an FTCA malpractice suit in district court." *Id*. at 975. Ultimately, the court determined that the plaintiff must be allowed to go forward with "non-benefits claims." *Id*. at 975. In the case at bar, Plaintiff Butler pursues "non-benefits claims" as defined by the *Principi* court. They rightfully proceed into litigation under the FTCA since they do not require judicial review of benefit decisions of the Veterans' Administration.

For these reasons, Plaintiff's motion for judgment on the pleadings should be denied.

---

[3] The plaintiff had filed an administrative tort claim with the VA which remained pending, but the VA was deemed to have finally denied the claim (failure to disclose diagnosis and failure to treat plaintiff resulting in greater medical problems) because of the passage of time since filing. *Id*. at 972.

## C. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment based on Plaintiff's concession that she will not present any expert witness testimony in this action. North Carolina law applies to Plaintiff's wrongful death claim. *See Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991) (under FTCA, state law determines whether there is underlying cause of action). Under North Carolina law, where the injury is complicated or unusual, a plaintiff must present expert witness testimony to succeed on a wrongful death claim. *See Shaver v. United States*, 319 F. Supp. 2d 649, 664 (M.D.N.C. 2004). The type of injury alleged in this action, a thoracic aortic aneurysm, is not the type of injury for which a layman in his ordinary experience would know the proper surgical and related procedures. *See id*. Therefore, expert testimony will be necessary to establish the proper standard of care and causation. Plaintiff has conceded that she will not call any expert witness should this matter proceed to trial. (Docket No. 20, Ex. A, Admission # 4.) Plaintiff cannot succeed in her action under such circumstances.

Accordingly, Defendant's motion for summary judgment should be granted, and this action should be dismissed.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Docket No. 17) be denied.

**IT IS FURTHER RECOMMENDED** that Defendant's motion for summary judgment (Docket No. 20) be granted, and that this action be dismissed.


United States Magistrate Judge

Date: August 2, 2011